RECEIVED
JAN - 6 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATED OF AMERICA | CRIMINAL ACTION NO. 01-60127-03 |
| VERSUS | JUDGE DOHERTY |
| JOHN FONTENOT | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is the "Motion For Status Review as to defendant John Fontenot in Reference to Reduction of Sentence" [Doc. 623], filed by defendant John Fontenot. In the motion, the defendant requests a status review of the government's alleged promise of a sentence reduction on grounds defendant and his attorney were told specifically the government would file a Rule 35(b) motion for reduction in sentence in response to "the undercover work defendant did successfully." The government opposes the motion [Doc. 624]. For the following reasons, the defendant's motion is DENIED.

**I.  Factual and Procedural Background**

On November 16, 2001, the defendant was indicted in a sixteen-count indictment charging him with Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base and Possession with Intent to Distribute Cocaine. As the result of the defendant's agreement to plead guilty and cooperate with the government, the United States allowed the defendant to plead guilty on May 29, 2007 to a Bill of information charging a lesser crime than the conspiracy charged in the indictment.[1]

---

[1] Specifically, the defendant pled guilty to Count One of a Bill of Information charging him with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §841(a)(1). See United States v. John Fontenot, Criminal Action No. 07-60017, Doc. 1.

The defendant stipulated and agreed in his plea agreement that the decision to file a motion for sentence reduction pursuant to either Rule 35(b) or U.S.S.G. §5K1.1 is in the sole, non-reviewable discretion of the United States Attorney.[2] On May 31, 2007, the government filed a motion pursuant to §5K1.1 in recognition of the defendant's substantial assistance.[3]

The defendant was sentenced on October 19, 2007. In an in-chambers meeting prior to sentencing, DEA Agent Don DeSalvo advised the Court of the defendant's cooperation to the government. According to the defendant's Presentence Investigation Report, the defendant had an offense level of 39 and a Criminal history Category of II, resulting in a sentencing guideline range of 292 months to 365 months incarceration. However, after hearing Agent DeSalvo's account of the defendant's cooperation, the Court granted the government's §5K1.1 motion and imposed a sentence of 120 months.

The defendant filed the instant motion on November 9, 2009. In his motion, the defendant contends at the time he pled, the government indicated if the defendant testified at trial, the government would file a Rule 35(b) motion. The defendant contends he substantially assisted the government in ongoing investigations of individuals in the Acadiana and Houston, Texas areas and further agreed to testify at trial on behalf of the government against targets of the investigation. The defendant contends Agent DeSalvo confirmed the defendant had rendered substantial assistance entitling him to a Rule 35(b) motion. According to the defendant, Agent DeSavlo stated he would write a strong letter urging the United States Attorney to file a Rule 435(b) motion on defendant's behalf, but either Agent DeSalvo or the government later reneged on that promise.

---

[2] *Id.* at Paragraph 5, page 3.

[3] *See United States v. John Fontenot*, Criminal No. 07-60017-01, Doc. 5.

The government refutes the foregoing, arguing that on two prior occasions, the United States informed the defendant the government would not be filing a Rule 35(b) motion. The first occasion immediately followed the defendant's sentencing hearing on October 19, 2007, in a corridor outside the courtroom, where the government contends defense counsel asked United States Attorney Richard Willis if his client would receive an additional sentence reduction pursuant to Rule 35(b) if his client testified on behalf of the government. The government contends Mr. Willis informed defense counsel a Rule 35(b) motion was not likely because the defendant had already received numerous sentencing breaks for his cooperation. Mr. Willis additionally pointed out that misrepresentations made by the defendant to the Court in connection with his sentencing had ruined the defendant's credibility and created substantial *Giglio* issues, making it very unlikely the defendant would ever be called as a government witness in any future proceedings.

The second occasion occurred in response to a letter from the defendant to the United States Attorney requesting a Rule 35(b) motion for sentence reduction. By letter dated August 12, 2009, Mr. Willis again informed the defendant the United States would not be filing a Rule 35(b) motion and reiterated some of the reasons for not doing so.

Finally, the government clarifies that the assistance provided by the defendant in this matter was provided *pre-sentence*. For his cooperation and assistance to the government pre-sentence, the defendant received a §5K1.1 reduction. The government contends the Court was made aware of that assistance prior to determining the defendant's sentence. The government states there has been no additional assistance provided by the defendant, nor any sought by the Government.

## II. Law and Analysis

### 1. Rule 35(b) Standard

The United States is given the authority to move the Court to impose a sentence below the statutory mandatory minimum statutory penalties upon a defendant in recognition of his substantial assistance to the government in the investigation and prosecution of another person pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, which states:

> **(b) Reducing a Sentence for Substantial Assistance.**
>
> **(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
>
> **(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> > **(A)** information not known to the defendant until one year or more after sentencing;
> >
> > **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> >
> > **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed.R.Crim.P 35(b).

It is well-settled the government is under no obligation to file a motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, despite whatever substantial assistance the defendant might give. *See United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007), *citing Wade v. United States,* 504 U.S. 181, 185-86, 112 S.Ct. 1840, 118 L.Ed.2d 524

(1992).[4] Thus, the government has complete discretion to determine whether the defendant's assistance warrants the filing of a Rule 35(b) motion, and the government's refusal to file a Rule 35(b) motion is not reviewable unless that refusal is based on an unconstitutional motive, such as race or religion, see *Wade,* 504 U.S. at 185, 112 S.Ct. 1840, or the government has "bargain[ed] away" its discretion, *United States v. Price,* 95 F.3d 364, 367-68 (5th Cir. 1996). A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy or even to discovery or an evidentiary hearing. *Wade,* 504 U.S. at 186, 112 S.Ct. at 1844.

As an initial matter, this Court notes it is unclear what the defendant is requesting in seeking a "status review" of the government's promise of a sentence reduction. The defendant has not requested an evidentiary hearing, nor does it appear he is entitled to one. In his prayer for relief, the defendant prays "that the Government be ordered to file a Rule 35(b) Motion on behalf of the defendant pursuant to their representations to the Defendant and Defendant's Counsel based upon the Defendant's substantial assistance to the Government's ongoing investigation."

Based on the foregoing, it appears the defendant is asking this Court to order the government to file a Rule 35(b) motion. However, in his plea agreement, the defendant acknowledged the decision to file a motion for sentence reduction pursuant to either Rule 35(b) or 5K1.1 is in the *sole, non-reviewable discretion of the United States Attorney.* Nor has the defendant presented this Court with evidence that the government has refused to file a Rule 35(b) motion on his behalf as the result of improper or unconstitutional motive. Rather, the government has presented this Court with a

---

[4] Although *Wade* addresses U.S.S.G. §5K1.1, which applies when the government moves for a sentence reduction due to substantial assistance *before* the defendant receives his initial sentence, Rule 35(b) incorporates the standards set out in §5K1.1. *See also United States v. Lopez,* 26 F.3d 512, 523 (5th Cir.1994) (describing Rule 35(b) as " §5k1.1's post-sentencing analog"). *See Grant,* 493 F.3d at 467, n.1.

reasonable argument for why it has declined to file a Rule 35(b) motion. Indeed, the government has already filed a §5K1.1 motion on behalf of the defendant, and the defendant additionally received the benefit of the "charge bargain" offered by the government. Thus, although the Court is sympathetic to the plight of the defendant, under the circumstances of this case, this Court concludes the government's refusal to file a Rule 35(b) motion is not reviewable, because it is not based on an unconstitutional motive, nor has the government "bargain[ed] away" its discretion.

Considering the foregoing,

IT IS ORDERED THAT the defendant's "Motion For Status Review as to defendant John Fontenot in Reference to Reduction of Sentence" [Doc. 623] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ____ day of January, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE